E-FILED
Thursday, 02 February, 2017 08:54:36 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ERICK J. DIAZ,        )
                      )
         Plaintiff    )
                      )
    vs.               )   Case No. _____
                      )   (The case number will be assigned by the clerk)
JEFF FISHER, Captain, )
ROBERT YOUNG, Lieutenant, )
PETERSEN, Doctor,     )
JOHN DOE, Correctional )
Officer, JOHN DOE,    )
Correctional Officer, sued )
in their individual   )
capacities;           )
                      )
         Defendant(s) )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

☒ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

   Full Name: Eric S. Diaz

   Prison Identification Number: M50639

   Current address: 3820 East Main Street
   Danville, IL. 61834

For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.

B. Defendants

   Defendant #1:

   Full Name: Jeff Fisher

   Current Job Title: Captain

   Current Work Address: 1317 3rd Avenue
   Rock Island, IL. 61201

   Defendant #2:

   Full Name: Robert Young

   Current Job Title: Lieutenant

   Current Work Address: 1317 3rd Avenue
   Rock Island, IL. 61201

   Defendant #3:

   Full Name: Petersen
   Doctor

2

Current Work Address: 1317 3rd Avenue
Rock Island, IL. 61201

Defendant #4:

Full Name: John Doe

Current Job Title: Correctional Officer

Current Work Address: 1317 3rd Avenue
Rock Island, IL. 61201

Defendant #5:

Full Name: John Doe

Current Job Title: Correctional Officer

Current Work Address: 1317 3rd Avenue
Rock Island, IL. 61201

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐   No ☒

3

C. If your answer to B is yes, how many?  O  Describe the lawsuit(s) below.

1. Name of Case, Court and Docket Number _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ■  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ■  No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed? Yes ■  No ☐

See attach Exhibit #1, in support.

4

Place(s) of the occurrence __Rock Island County Jail__

Date(s) of the occurrence __February 5, 2015__

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

COMPLAINT WITH JURY DEMAND

Introduction

This is a civil rights action filed by Erick J. Diaz, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging excessive use of force and denial of medical care in violation of the Eighth and Fourteenth Amendment to the United States Constitution and confinement in segregation in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution. The plaintiff also alleges the torts of assault and battery.

Jurisdiction

1.) The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331 (1) and 1343.

2.) The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

Parties

3.) The plaintiff, Erick J. Diaz, was incarcerated at the Rock Island Detention Facility ("Rock Island") during the events described in this complaint.

4.) Defendants Captain Jeff Fisher and Lieutenant Robert Young are employees at Rock Island Detention Facility. They are sued in their individual capacities.

5.) Defendant John Doe is a correctional officer employed at Rock Island Detention Facility whose name is presently unknown to plaintiff. He is sued in his individual capacity.

6.) Defendant John Doe is a correctional officer employed at Rock Island Detention Facility whose name is presently unknown to plaintiff. He is sued in his individual capacity.

7.) Defendant Petersen is the Medical Doctor at Rock Island Detention Facility and is generally responsible for ensuring provision of medical care to prisoners and specifically for scheduling medical appointments when a

prisoner needs specialized treatment or evaluation. He is sued in his individual and official capacities.

8.) All the defendants acted under color of state law at all times relevant to this complaint.

## Facts

9.) On January 29, 2015, the court of the Rock Island Courthouse ordered the jail officials of the Rock Island Detention Facility to conduct a Sexually Transmissible Disease test of plaintiff.

10.) Plaintiff complied at which jail officials drawn his blood to be tested for any Sexually Transmissible Diseases.

11.) On the morning of February 4, 2015, plaintiff was transported from his cell to the medical unit of the Rock Island Detention Facility.

12.) Upon plaintiff's arrival to the medical unit he was greeted by doctor Petersen.

13.) Doctor Petersen disclosed to plaintiff that per the jails policy and standard procedure every detainee must undergo a chlamydia test.

7.

14.) Doctor Petersen further disclosed to plaintiff that the procedure of the chlamydia test involves the doctor to jam a six (6) inch toothpick stick into plaintiff's penis.

15.) Immediately following this disclosure plaintiff informed doctor Petersen that he was refusing the chlamydia test due to the procedural method.

16.) Doctor Petersen told plaintiff that he had no choice to refuse the test.

17.) Again, plaintiff told doctor Petersen that he was refusing the chlamydia test due to the procedural method.

18.) After plaintiff's verbal exchange with doctor Petersen he was placed in a holding cell located in the medical unit of the Rock Island County Jail.

19.) Approximate 5 minutes after plaintiff was placed in the medical holding cell he was met by the jails administrative Captain Jeff Fisher.

8.

20.) Captain Jeff Fisher told plaintiff that he was going to be tested whether he like it or not.

21.) Plaintiff told Defendant Captain Jeff Fisher that he was not going to be tested in the manner disclosed to him by doctor Petersen.

22.) Again, plaintiff was told that he was going to be tested whether he like it or not.

23.) Plaintiff asked Captain Jeff Fisher to speak with his lawyer.

24.) Captain Jeff Fisher told plaintiff that he was not allowed to speak with his lawyer and that he was going to be tested even if he have to hold him down.

25.) Captain Fisher further told plaintiff that it was the jails standard procedure that everyone gets a Chlamydia test once a detainee.

26.) Again, plaintiff refused the Chlamydia test due to the procedural method.

27.) Defendant Captain Jeff Fisher called a

9.

code red.

28.) Two John Doe correctional officers arrived along with Captain Jeff Fisher put plaintiff in restraints and frog marched him to segregation while screaming at him that he will be tested for chlamydia on the morning of February 5, 2015.

29.) Plaintiff told Captain Jeff Fisher that he had a right to keep his body safe and sound.

30.) Captain Jeff Fisher replied quote, "just like she had the right when you assaulted her," unquote. Referring to the victim involved in plaintiff's case.

31.) Plaintiff was further told that he had no rights.

32.) While the plaintiff was in handcuff's he was forced to carry his mattress and personal belongings from P-Block on level 1 to O-Block on level 2 at the Rock Island County Jail.

33.) The plaintiff was tossed into segregation and denied showers, movement, kiosk, phone privileges, grievances, and medical attention.

10.

## Misuse of Force

34.) Shortly after plaintiff was hauled off to segregation Captain Jeff Fisher pushed plaintiff from behind while shackled causing him to trip and fall hitting his head against the wall for refusing a direct order to get a chlamydia test and for being detained on a sex offense.

35.) On that same day later that night while plaintiff was in his cell Defendant Lieutenant Robert Young made contact with him and ordered that he step out of his cell.

36.) Plaintiff complied with Defendant Robert Young direct order.

37.) Defendant Robert Young did a shakedown of plaintiff's cell and destroyed his hygiene items and papers prior to tossing the items into a urinal.

38.) Following this incident plaintiff was harassed and kept awake by Lieutenant Robert Young and other unknown correctional officers.

39.) On February 5, 2015, at or around 7:30 a.m., plaintiff was taken from his cell in segregation and escorted to the medical unit where he was met by Captain Jeff Fisher and two additional correctional officers along with doctor Petersen.

40.) Captain Fisher asked plaintiff was he was going to do this the easy way or are you going to be difficult.

41.) Plaintiff told Captain Fisher that he couldn't force him to take a chlamydia test if he didn't want to.

42.) Immediately plaintiff was grabbed by Captain Fisher and slammed to the ground and restrained with his hands behind his back.

43.) Captain Fisher ordered the two unknown correctional officers to remove plaintiff's pants and to spread his legs and to open them.

44.) Plaintiff's head was then slammed into the ground before Captain Fisher placed his knee heavily into plaintiff's kneck.

45.) Following this assault doctor Petersen then jammed a Six (6) inch toothpick stick with a cotton swab attached into plaintiff's penis and causing blood to squirt all over plaintiff.

46.) After this incident captain Fisher told plaintiff quote "Like I said before you have no rights," unquote.

47.) Plaintiff was then returned to his cell bloody and in pain.

48.) Plaintiff was further denied medical care.

## Denial of Medical Care

49.) Whenafter plaintiff was taken back to his cell by all three jail officials, captain Fisher and the two unknown correctional officers he requested medical treatment.

50.) All three jail officials responded by telling plaintiff that he wasn't getting any medical treatment.

51.) Plaintiff informed all three jail officials

13.

that he was bleeding profusely and in severe pain.

52.) Both John Doe correctional officers and captain Fisher told plaintiff that the bleeding would stop by the next day and that it always did.

53.) For the next 12 days following the assault plaintiff was denied medical treatment.

54.) Plaintiff bled blood and pus from his penis for the next 12 days while he was in segregation.

55.) Every time plaintiff used the restroom he experienced pain and burning sensation.

56.) To protest the deprivation and denial of medical treatment by the defendants, plaintiff declared a hunger strike.

57.) Shortly after plaintiff declared a hunger strike lieutenant Robert Young came to his cell and threatened him that if he didn't suspend his hunger strike that he was going

14.

to force feed him.

58.) Plaintiff informed lieutenant Young that he was bleeding profusely from his penis and in pain.

59.) Lieutenant Young told plaintiff that he was not getting any medical treatment or pain medication for his injuries.

60.) Plaintiff forwarded sick call requests to doctor Petersen about his injuries, but to no avail.

61.) Plaintiff received no response from doctor Petersen or from the medical unit.

62.) The plaintiff has suffered chronic pain and off and on bleeding to his penis from February 5, 2015, up until when dill-this complaint was filed.

Exhaustion of Administrative Remedies

63.) The plaintiff has exhausted his administrative remedies with respect to all claims

15.

and all defendants.

64.) Plaintiff filed three grievances with respect to all claims and all defendants.

65.) Plaintiff never received neither a response or any of the filed paper grievances back.

66.) On February 19, 2015, plaintiff was transferred to the Illinois Department Corrections.

## Claims for Relief

67.) The actions of defendants Fisher, Young, Petersen and both Doe defendants in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

68.) The actions of defendants Fisher, Young, Petersen and both Doe defendants in using physical force against the plaintiff without

16.

need or provocation constituted the tort of assault and battery under the law of Illinois.

69.) The actions of defendants Fisher, Young, Petersen and both Doe defendants in denying plaintiff medical treatment constituted deliberate indifference to his serious medical needs and safety, and contributed to and proximately caused the above-described violation of his Eighth and Fourteenth Amendment rights and assault and battery.

## Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1.) The physical abuse of the plaintiff by defendants Fisher, Young, Petersen and both Doe defendants violated the plaintiff's rights under the Eighth and Fourteenth Amendment to the United States Constitution and constituted an assault and battery under state law.

17.

2.) Defendants Fisher, Young, Petersen and both Doe defendants actions in failing to provide adequate and available medical care for the plaintiff violated, plaintiff's rights to the United States Constitution, including but not limited to defendants actions constituted deliberate indifference to his serious medical needs.

B. Award compensatory damages in the following amounts:

1.) $2,000,000 jointly and severally against defendants Fisher, Young, Petersen and both Doe's for the physical and emotional injuries sustained as a result of the plaintiff's assault and battery.

2.) $1,000,000 jointly and severally against defendants Fisher, Young, Petersen and both Doe's for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

C. Award punitive damages in the following amounts:

1.) $500,000 each against defendants Fisher, Young, Petersen and both Doe's;

2.) Grant such other relief as it may appear that plaintiff is entitled.

Respectfully submitted,
Erick L. Diaz

Erick S. Diaz # M50639
3820 East Main Street
Danville, IL. 61834